# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 1, 2011

## STATE OF TENNESSEE v. LESTER PAUL DOYLE

**Direct Appeal from the Circuit Court for Hardin County**
**Nos. 9201, 9354      C. Creed McGinley, Judge**

---

**No. W2011-00926-CCA-R3-CD  - Filed February 1, 2012**

---

The defendant, Lester Paul Doyle, pled guilty in the Hardin County Circuit Court to three counts of aggravated burglary based on offenses he committed while serving a community corrections sentence for drug convictions in a prior case. At the sentencing hearing, the trial court revoked the defendant's community corrections sentence in the drug case and sentenced the defendant to serve concurrent terms of four years in the Department of Correction in the aggravated burglary case, with the aggravated burglary sentences to be served consecutively to the sentences in the drug case. The defendant now appeals the trial court's sentencing determinations, arguing that his community corrections sentence in the drug case should not have been revoked and that the trial court should have sentenced him to some form of alternative sentencing in the aggravated burglary case. He does not challenge the trial court's order of consecutive sentencing. Following our review, we affirm the sentencing determinations of the trial court but remand for correcting clerical errors and the entry of corrected judgment forms to reflect that the aggravated burglary sentences in case number 9354 are to be served consecutively to the drug sentences in case number 9201.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgments**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JERRY L. SMITH, J., joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant Public Defender, for the appellant, Lester Paul Doyle.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Hansel Jay McCadams, District Attorney General; and Ed N. McDaniel, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## FACTS

On May 24, 2010, the defendant pled guilty in the Hardin County Circuit Court in case number 9201 to initiation of a process to manufacture methamphetamine, a Class B felony; and unlawful drug paraphernalia uses and activities, a Class A misdemeanor. He was sentenced to concurrent terms of eight years and eleven months, twenty-nine days, with the sentences suspended and the defendant placed in a community corrections program after service of 120 days. On September 27, 2010, the defendant was arrested and charged with three counts of aggravated burglary, which resulted in his November 15, 2010 indictment on those charges in case number 9354.

On October 8, 2010, a violation warrant was issued in case number 9201, the drug case, alleging that the defendant had violated the rules of the community corrections program by testing positive for methamphetamine and benzodiazepines, failing to report for scheduled weekly visits with his case officer, failing to abide by his curfew, failing to pay court and supervision fees, and being arrested on the aggravated burglary charges. On February 18, 2011, the defendant pled guilty in case number 9354 to three counts of aggravated burglary in exchange for concurrent terms of four years as a Range I offender for each conviction, with the manner of service left to the trial court's later determination.

On March 28, 2011, the trial court held a joint sentencing/violation hearing in the two cases. At the conclusion of the hearing, the trial court found that the defendant had violated the terms of his community corrections sentence by his commission of the aggravated burglaries. The court, therefore, revoked the community corrections sentence and ordered that the defendant serve the balance of the effective eight-year sentence in the Department of Correction. The trial court also sentenced the defendant to serve his effective four-year sentence in the aggravated burglary case in the Department of Correction, finding that he was not a suitable candidate for any kind of alternative sentencing due to his "very, very extensive prior record," which the court characterized as a "crime wave." The court also ordered that the aggravated burglary sentences be served consecutively to the drug sentences. Thereafter, the defendant filed a timely notice of appeal to this court.

## ANALYSIS

The defendant argues on appeal that the trial court erred both by revoking his community corrections sentence in the drug case and by not sentencing him to probation, community corrections, or some other form of alternative sentencing in the aggravated burglary case. When an accused challenges the length and manner of service of a sentence,

it is the duty of this court to conduct a *de novo* review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2010). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000).

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statistical information provided by the administrative office of the courts as to Tennessee sentencing practices for similar offenses; (h) any statements made by the accused in his own behalf; and (i) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210 (2010); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401 (2010), Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

Under the revised Tennessee sentencing statutes, a defendant is no longer presumed to be a favorable candidate for alternative sentencing. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008) (citing Tenn. Code Ann. § 40-35-102(6)). Instead, the "advisory" sentencing guidelines provide that a defendant "who is an especially mitigated or standard offender convicted of a Class C, D or E felony, should be considered as a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2010).

A trial court may deny alternative sentencing and sentence a defendant to confinement based on any one of the following considerations:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective

deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Tenn. Code Ann. § 40-35-103(1) (2010). Furthermore, the defendant's potential for rehabilitation or lack thereof should be examined when determining whether an alternative sentence is appropriate. Id. § 40-35-103(5).

We conclude the trial court did not abuse its discretion in its sentencing determinations in these cases. The Tennessee Community Corrections Act provides in pertinent part that the court

> shall . . . possess the power to revoke the sentence imposed at any time due to the conduct of the defendant . . . and the court may resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration.

Id. § 40-36-106(e)(4). A trial court may revoke a community corrections sentence upon finding by a preponderance of the evidence that an offender violated the conditions of his suspended sentence. See State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). The trial court's revocation of a community corrections sentence will be upheld absent an abuse of discretion. Id. An abuse of discretion occurs if the record contains no substantial evidence to support the conclusion of the trial court that a violation of community corrections has occurred. See State v. Gregory, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997).

The trial court's finding that the defendant violated the terms of his community corrections sentence in his drug case, based on his convictions in the burglary case, is a fact that is fully supported by the record in those two cases. The record, likewise, fully supports the trial court's finding that the defendant's extensive criminal record, which covers five pages of his presentence report and includes probation violations, rendered him an unsuitable candidate for probation or other alternative sentencing. We, therefore, affirm the sentences as imposed by the trial court.

We note that the trial court ordered that the defendant's aggravated burglary sentences be served consecutively to his sentences in the drug case. See Tenn. Code Ann. § 40-35-115(2) (granting the trial court the discretion to impose consecutive sentencing when it finds by a preponderance of the evidence that the defendant is an offender whose record of

criminal activity is extensive).[1] The judgment forms, however, fail to reflect the order of consecutive sentencing. Accordingly, we remand for entry of corrected judgment forms.

## CONCLUSION

Based on our review, we conclude no error exists in the trial court's sentencing determinations. Accordingly, we affirm the judgments of the trial court and remand for the entry of corrected judgment forms to reflect that the defendant's aggravated burglary sentences in case number 9354 are to be served consecutively to his drug sentences in case number 9201.

_____
ALAN E. GLENN, JUDGE

---

[1]The trial court did not explicitly state that its order of consecutive sentencing was based on the defendant's extensive criminal record. Such a finding, however, is implicit in the court's ruling.